**No. 22-50669**

_____

In the United States Court of Appeals
For the Fifth Circuit

_____

Defense Distributed; Second Amendment Foundation, Incorporated,

Plaintiffs - Appellants

v.

Matt Platkin, Attorney General of New Jersey, in his official capacity,

Defendant - Appellee

_____

Appeal from the United States District Court for the
Western District of Texas, Austin Division; No. 1:18-CV-637

_____

**Appellants' Motion for an Injunction Pending Appeal**

_____

Clark Hill PLC
Matthew A. Goldstein
1001 Pennsylvania Avenue Northwest
Suite 1300 South
Washington, DC 20004
(202) 550-0040

Josh Blackman LLC
Josh Blackman
1301 San Jacinto Street
Houston, Texas 77002
(202) 294-9003

Beck Redden LLP
Chad Flores
Owen J. McGovern
1221 McKinney Street
Suite 4500
Houston, Texas 77010
(713) 951-3700

**No. 22-50669**

---

In the United States Court of Appeals
For the Fifth Circuit

---

Defense Distributed; Second Amendment Foundation, Incorporated,

Plaintiffs - Appellants

v.

Matt Platkin, Attorney General of New Jersey, in his official capacity,

Defendant - Appellee

---

Appeal from the United States District Court for the
Western District of Texas, Austin Division; No. 1:18-CV-637

---

**CERTIFICATE OF INTERESTED PERSONS**

---

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| | |
|---|---|
| Plaintiffs – Appellants: | Defense Distributed<br>Second Amended Foundation, Inc. |
| Counsel: | Beck Redden LLP<br>Chad Flores<br>Owen J. McGovern |
| | Clark Hill PLC<br>Matthew A. Goldstein |
| | Josh Blackman LLC<br>Josh Blackman |
| Defendant – Appellee: | Andrew J. Bruck |
| Counsel: | Office of the Attorney General for the State of New Jersey<br>Jeremy M. Feigenbaum |
| | Pillsbury Winthrop Shaw Pittman, LLP<br>Alexander Hardiman<br>Benjamin D. Tievsky<br>Kenneth W. Taber<br>Ronald Casey Low<br>Shelbi Flood |
| Defendants: | Anthony Blinken<br>Directorate of Defense Trade Controls<br>Mike Miller<br>Sarah Heidema |
| Counsel: | United States Department of Justice<br>Liane Ngin Moble<br>Lisa Newman<br>Michael Fraser Knapp<br>Zachary Avallone |

*/s/ Chad Flores*
Chad Flores
Counsel for Appellants

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ....................................................... i

TABLE OF CONTENTS ................................................................................... iii

TABLE OF AUTHORITIES ............................................................................. iv

NOTICE OF PANEL ASSIGNMENT ..................................................................1

MOTION FOR AN INJUNCTION PENDING APPEAL ........................................2

REQUEST FOR EXPEDITED CONSIDERATION ...............................................3

ARGUMENT ...................................................................................................4

     I.      The test for an injunction pending appeal is met. .................................4

     II.    This Court has the power to issue the injunction pending appeal.........5

     III.   The AG's extensive gamesmanship warrants relief.............................8

CERTIFICATE OF SERVICE ...........................................................................15

CERTIFICATE OF COMPLIANCE....................................................................16

# TABLE OF AUTHORITIES

**Case**            **Page(s)**

*Adams v. U.S. ex rel. McCann*,
317 U.S. 269 (1942).................................................5

*Am. States Ins. Co. v. Dastar Corp.*,
318 F.3d 881 (9th Cir. 2003) ...............................13

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991).................................................6

*Def. Distributed v. Attorney Gen. N.J.*,
No. 19-1729, 2020 WL 5001608 (3d Cir. Aug. 25, 2020) ...................................10

*Defense Distributed v. Bruck*,
30 F.4th 414 (5th Cir. 2022) .............................3, 11

*Defense Distributed v. Grewal,*
971 F.3d 485 (5th Cir. 2020) ......................3, 8, 9, 11

*Defense Distributed v. Grewal,*
No. 19.1729, Doc. 97 (filed Jan. 9, 2020) .........................10

*Fla. Businessmen for Free Enter. v. City of Hollywood*,
648 F.2d 956 (5th Cir. Unit B 1981) ....................4

*In re Fredeman Litig.*,
843 F.2d 821 (5th Cir. 1988) ..............................5

*ITT Cmty. Dev. Corp. v. Barton*,
569 F.2d 1351 (5th Cir. 1978) ...........................5, 6

*JSLG, Inc. v. City of Waco*,
504 F. App'x 312 (5th Cir. 2012)........................13

*Knox v. Serv. Employees Intern. Union, Local 1000*,
567 U.S. 298 (2012)............................................13

*Little Sisters of the Poor Home for the Aged v. Sebelius*,
134 S. Ct. 1022 (2014).......................................7, 8

*Ruiz v. Estelle*,
   650 F.2d 555 (5th Cir. 1981) ........................................................... 2, 4

*Smallwood v. Illinois Cent. R. Co.*,
   385 F.3d 568 (5th Cir. 2004) ............................................................. 13

*United States v. Hall*,
   472 F.2d 261 (5th Cir. 1972) ............................................................... 6

*United States v. N.Y. Tel. Co.*,
   434 U.S. 159 (1977) ............................................................................. 8

*Washington Mut. Fin. Group, LLC v. Bailey*,
   364 F.3d 260 (5th Cir. 2004) ............................................................... 9

*Wheaton College v. Burwell*,
   134 S. Ct. 2806 (2014) ......................................................................... 7

**Statutes**

28 U.S.C. § 1651(a) ................................................................................. 5

**Rules**

5th Cir. R. 27.4 ........................................................................................ 3

5th Cir. R. 35 I.O.P. ............................................................................... 11

Fed. R. Civ. P. 8(a) (1)(C) ...................................................................... 5

## NOTICE OF PANEL ASSIGNMENT

By order of the Court in this case's prior appeal, this appeal, this motion, and any other "future requests for appellate relief shall be directed to the panel consisting of Judges JONES, ELROD, and HIGGINSON." Order, *Defense Distributed v. Grewal*, No. 19-50723 (Sept. 11, 2020) (per curiam) (ROA.4440).

## MOTION FOR AN INJUNCTION PENDING APPEAL

Appellants Defense Distributed and the Second Amendment Foundation, Inc. move for an injunction pending appeal against Appellee the New Jersey Attorney General. Until the Court concludes this appeal by issuing a final appellate decision's mandate, the Court should enjoin the AG from (1) enforcing New Jersey Statute § 2C:39-9(*l*)(2) against Appellants, (2) directing Appellants to cease and desist publishing computer files with digital firearms information, and (3) directing Appellants' communication service providers to cease and desist publishing Appellants' computer files with digital firearms information.

Appellants informed the AG of this motion. He will oppose.

Federal Rule of Appellate Procedure 8 has been satisfied because this motion seeks the same kind of injunction that the district court repeatedly refused to grant, ROA.1749; ROA.4437, and because returning to the district court would be impracticable and inequitable. *See Ruiz v. Estelle*, 650 F.2d 555, 567 (5th Cir. 1981).

## REQUEST FOR EXPEDITED CONSIDERATION

Appellants request that the Court set an expedited briefing schedule and resolve this motion as soon as is practicable. *See* 5th Cir. R. 27.4. Time is of the essence. The AG is now wielding a blatantly unconstitutional speech crime against Defense Distributed and SAF, causing irreparable harm nationwide with "what appear to be flagrant prior restraints." *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022). His torturous gamesmanship has plagued this case. Before now, Defense Distributed and SAF sought either a preliminary injunction or injunction pending appeal on *five* occasions in *four* different courts, always one at a time in due course. But no court has ever resolved these requests on the merits. Every time such a ruling nears, the AG skirts judicial scrutiny with evasive tactics that delay merits rulings and increase these law-abiding citizens' litigation costs. This is all part of the AG's "intent to crush Defense Distributed's operations." *Defense Distributed v. Grewal*, 971 F.3d 485, 493 (5th Cir. 2020).

Most recently, Defense Distributed and SAF moved for an injunction pending appeal in *Defense Distributed v. Bruck*. The Court carried that motion with the case for ten months until Defense Distributed and SAF won the overall appeal. Then the Court denied the motion as moot, explaining that the "denial does not imply that the motion lacks merit." *Id.* at 421 n.2. Here we go again. The court below clearly erred again and censorship continues. Immediate relief is needed more than ever.

## ARGUMENT

## I.    The test for an injunction pending appeal is met.

Familiar injunction rules govern both preliminary injunctions and injunctions pending appeal.  *See, e.g.*, *Fla. Businessmen for Free Enter. v. City of Hollywood*, 648 F.2d 956, 957 (5th Cir. Unit B 1981).  Factors include likelihood of success on the merits, irreparable harm, equities between the parties, and public interest.  *E.g.*, *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).  All factors warrant relief here.

The Court does not have to resolve this motion for interim relief in the truncated fashion that it usually might—*i.e.*, with record excerpts instead of a full record, and with a motion's abbreviated argument instead of a brief's full argument. To facilitate this motion Defense Distributed and SAF filed well ahead of schedule both the complete appellate record and the Brief of Appellants.

In the appeal to which this motion pertains, Defense Distributed and SAF challenge the district court's decision to dismiss their motion for a preliminary injunction. The Brief of Appellants shows both that the district court's jurisdictional dismissal was wrong, warranting reversal, and that the proper appellate remedy is for this Court to render a preliminary injunction.  Those arguments apply with equal force to this request for an injunction pending appeal.  For the same reasons that the test for a preliminary injunction is met, so too the test for an injunction pending appeal is met.  This filing therefore addresses just two issues unique to this motion.

4

**II.     This Court has the power to issue the injunction pending appeal.**

Given the existence of both personal and subject-matter jurisdiction in the district court and this Court, *see* Br. of Appellants at 2, this Court's authority to issue an injunction pending appeal is well-established.   Rule 8 shows the general availability of "an order . . . granting an injunction while an appeal is pending," Fed. R. Civ. P. 8(a) (1)(C), and in this case the requisite power comes from two places.

First, the requisite power comes from the All Writs Act, 28 U.S.C. § 1651(a). The All Writs Act lets courts issue injunctions that are "necessary to the preservation or exercise of its subject matter jurisdiction."   *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978). [1]   The Act can be used both to "enjoin conduct that might be enjoined under a final order" and to protect a plaintiff against a defendant's "schemes to avoid judgments."   *In re Fredeman Litig.*, 843 F.2d 821, 826-27 (5th Cir. 1988).   Both of those accepted All Writs Act uses are at issue here.   The motion asks this Court to temporarily enjoin the exact conduct that the underlying case seeks to have ultimately "enjoined under a final order."   But no such relief has ever been afforded because of the AG's "schemes to avoid judgments" via improper gamesmanship.

---

[1] To meet this test the injunction need *not* be "'necessary' in the sense that the court could not otherwise physically discharge its appellate duties." *Adams v. U.S. ex rel. McCann*, 317 U.S. 269, 273 (1942).

Second, the Court has an inherent judicial power to issue the requested injunction. Similar to the All Writs Act but distinct,[2] the Court's inherent judicial power lets it use injunctions to "process litigation to a just and equitable conclusion." *Barton*, 569 F.2d at 1359. In particular, a court can use inherent judicial power to issue injunctions that "preserve the status quo" and "protect its ability to render judgment in a case over which it might have jurisdiction." *United States v. Hall*, 472 F.2d 261, 265 (5th Cir. 1972). The requested injunction seeks to restore the status quo that existed in 2018 before the AG started wielding flagrantly unconstitutional prior restraints against the Appellants.

The exact "breadth of a court's discretion to invoke these powers" depends on the "exigencies of the pending litigation." *Barton*, 569 F.2d at 1360. The exigencies created by the AG are extraordinary, and therefore so is the Court's All Writs Act and inherent authority. Injunctive intervention is especially warranted where, as here, a defendants' gamesmanship has "imperiled the court's fundamental power to make a binding adjudication between the parties properly before it." *United States v. Hall*, 472 F.2d 261, 265 (5th Cir. 1972).

---

[2] The Court's inherent judicial power exists independently of its All Writs Act power. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (codified powers "are not substitutes for the inherent power"); *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1360 (5th Cir. 1978).

*Little Sisters of the Poor Home for the Aged v. Sebelius*, 134 S. Ct. 1022 (2014), shows that an injunction pending appeal using these authorities is proper. There the Supreme Court did exactly what Appellants ask this Court to do: enjoin the enforcement of a constitutionally-suspect law pending final appellate disposition. *Id.* at 1022 ("respondents are enjoined from enforcing against the applicants the challenged provisions . . . and related regulations pending final disposition of the appeal"). *Wheaton College v. Burwell*, 134 S. Ct. 2806 (2014), did so as well.

It would be no answer to say that the AG is not a "party" below because the not-a-party argument is wrong. *See* Br of Appellants at 26-37. The AG *is* a party below. One way or another, the Second Amended Complaint that sues him expressly *is now the live complaint*. That may be the case because vacatur of the sever-and-transfer order automatically *revived* the Second Amended Complaint. *See id.* at 27-33. Or that may be the case because the Appellants below made a fully orthodox request for leave to *re-file* the Second Amended Complaint. *See id.* at 33-37. Either way, whether by revival or re-filing, the AG is being sued in the Western District of Texas. The not-a-party argument is therefore wrong on its own terms.

Additionally, the AG's not-a-party argument does not defeat this injunction request for a separate reason: Party status below is not required. All Writs Act and inherent power injunctions can extend to "persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the

7

implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174 & n.20 (1977) (citations omitted). This is a case in point, as the AG's improper gamesmanship continues to "frustrate . . .the proper administration of justice" and "thwart a judicial determination" of Appellants' repeated requests for preliminary injunctive relief. The AG is undoubtedly a party to this appeal, and that is the only status needed.

## III. The AG's extensive gamesmanship warrants relief.

The Court's inquiry should account for "all the circumstances of the case." *Little Sisters of the Poor*, 134 S. Ct. at 1023. Besides an extraordinarily strong likelihood of success on the merits of a nationally important First Amendment case, what most justifies an injunction pending appeal is the AG's gamesmanship. In court after court, on issue after issue, the AG has done everything in his power to flee a straightforward judicial assessment of whether his unprecedented speech crime violates the Constitution. This is not fair play. It is beyond the pale.

The Court should first account for the improper jurisdictional gamesmanship that occurred in round one of the dispute, when personal jurisdiction was debated. As detailed by the briefs in *Defense Distributed v. Grewal*, 971 F.3d 485 (5th Cir. 2020), the AG's position about where personal jurisdiction lies is rife with the kind of tactical flip-flopping that triggers judicial estoppel:

8

In the court below, [the AG's] jurisdictional position is that disputes about censorship of Defense Distributed's publications cannot possibly be litigated away from New Jersey. Yet right after this lawsuit was filed, [the AG] chose to turn around and sue Defense Distributed on the same subject in Seattle, Washington—a place where Defense Distributed has done literally nothing ever. To be consistent, [the AG] ought to have acknowledged that whatever legal rule justifies his jurisdictional capture of Defense Distributed in Washington also justifies jurisdiction over [the AG] in Texas. But instead, he changed positions for no reason but gamesmanship. [The AG] uses one jurisdictional rule for the Ninth Circuit courts he likes and a totally opposite jurisdictional rule for the Fifth Circuit courts he fears. Judicial estoppel prevents him from "having it both ways." *Washington Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 268 (5th Cir. 2004).

. . .

These litigating positions that are not coherent. They are contrary, and [the AG] maintains them both in an effort to gain undue advantages. If Defense Distributed is amenable to suit anywhere for publishing digital firearms information on a Texas-based website, then by that same logic, [the AG] is amenable to suit in Texas for acting to shut down that Texas-based website. No coherent "minimum contacts" theory can *both* justify the Washington action's jurisdiction over Defense Distributed *and* defeat this action's jurisdiction over [the AG].

Br. of Appellants at 24-29, *Defense Distributed v. Grewal*, 971 F.3d 485, 493 (5th Cir. 2020) (No. 19-50723), 2019 WL 6457013, at *24-29.

Though the Court's decision in *Grewal* did not need to reach the estoppel issue, the AG's conduct in stage one of this case still forms part of the totality of circumstances to be considered. Equitable rules driving estoppel play a similar role for injunctions. The jurisdictional gamesmanship that justified estoppel against the AG in *Grewal* also justifies an injunction pending appeal against the AG here. But that is not the only gamesmanship at issue. Such tactics have run rampant.

The Court should next account for the improper jurisdictional gamesmanship that occurred in the Third Circuit, when once again the AG's view of which court should rule on injunction requests switched back and forth for no legitimate reason. In January 2020, while this Court was still considering the *Grewal* personal jurisdiction appeal, Plaintiffs had sought a preliminary injunction from the federal courts of New Jersey. If the AG really believed that New Jersey federal courts should be adjudicating this case, he should have let a preliminary injunction ruling happen there. But the AG's real motive is to stop any substantive ruling anywhere. So instead of accepting that his home courts of New Jersey could rule on a preliminary injunction request, the AG said that *this Court was in charge.* He told the Third Circuit to "stay its hand and allow the Fifth Circuit, in the first instance, to adjudicate the claims presented." Defendant-Appellees' Brief in Opposition to Petition for Rehearing En Banc, *Defense Distributed v. Grewal*, No. 19.1729, Doc. 97 at 10 (filed Jan. 9, 2020).

This should not have worked. But it did. At the AG's behest, a 2-1 Third Circuit decision refused to rule on Plaintiffs' Third Circuit injunction request "because Defense Distributed and SAF are pursuing that same relief in Texas." *Def. Distributed v. Attorney Gen. N.J.*, No. 19-1729, 2020 WL 5001608, at *6 (3d Cir. Aug. 25, 2020). After telling the Texas courts that Texas courts could not rule, the AG told New Jersey courts the opposite. His desire is to avoid any ruling anywhere.

More jurisdictional gamesmanship happened when the parties returned to this Court. Soon after the Third Circuit refused to let any injunction rulings happen in that circuit, Plaintiffs won the personal jurisdiction appeal. This Court "conclude[d] that [the AG] is subject to the jurisdiction of Texas courts" and remanded. *Grewal*, 971 F.3d at 488. But the AG decided to keep that appeal alive by seeking rehearing *en banc*. So Plaintiffs asked this Court for an injunction pending appeal.

One would think that, when the AG asked every judge of this Court to evaluate his petition for rehearing *en banc*, he meant it. *Cf.* 5th Cir. R. 35 I.O.P. ("PETITIONS FOR REHEARING EN BANC ARE THE MOST ABUSED PREROGATIVE OF APPELLATE ADVOCATES IN THE FIFTH CIRCUIT."). But when the AG realized that his rehearing effort would let this Court rule on an injunction request, his gamesmanship kicked back in. Rather than let this Court address the motion for an injunction, the AG withdrew his request for *en banc* review so that the mandate would issue before the Court could enjoin him.

The Court almost dealt with this gamesmanship in the most recent appeal. At the outset of *Bruck*, Defense Distributed and SAF filed a motion for an injunction pending appeal that parallels the instant request. But instead of ruling on the motion first, the Court carried it with the case until Defense Distributed and SAF won the overall appeal. Then the Court denied the motion as moot, explaining that the "denial does not imply that the motion lacks merit." *Bruck*, 30 F.4th at 421 n.2.

11

The AG's latest gamesmanship occurred below on remand. Ever since this Court's *Bruck* decision remanded the case to the Western District of Texas for further proceedings, the AG has refused to appear in the Western District of Texas. He filed nothing whatsoever in response to filings by the Plaintiffs that put the case back before the Western District of Texas and moved for a preliminary injunction. *See* ROA.4398; ROA.4403; ROA.4429. He made no argument objecting to the jurisdiction Plaintiffs invoked. He made no argument objecting to the procedure Plaintiffs used. And he made no argument objecting to the substance of Plaintiffs' request. Knowing full well the consequences of waiver, forfeiture, and/or default, the AG opted to totally stonewall the proceedings leading up to the instant appeal.

This aspect of the AG's jurisdictional gamesmanship has a serious impact on the appeal. By refusing to oppose any of the requests for relief made below, the AG has waived, forfeited, and/or defaulted all non-jurisdictional objections. He is barred from making any such arguments for the first time on appeal. *See* Br. of Appellants at 37-38. More immediately, though, the AG's most recent jurisdictional gamesmanship adds to an already compelling case for immediate injunctive relief.

With utmost diligence, Plaintiffs have chased the AG from one court to another and another and another, all in an effort to enjoin the same unconstitutional censorship. In each court they have asked for the same relief they seek here, and in each court the AG opposed with procedural gamesmanship and obstruction. For a

while the New Jersey AG at least showed up in court to expressly spell out his constantly flip-flopping positions. But now he cannot even be bothered to show up and say out loud his latest excuse for avoiding any real adjudication.

The AG's extraordinary jurisdictional gamesmanship contradicts important norms. *See, e.g.*, *JSLG, Inc. v. City of Waco*, 504 F. App'x 312, 317 (5th Cir. 2012) (noting "interest in preventing litigants from attempting to manipulate the Court's jurisdiction"); *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 885 (9th Cir. 2003) ("A party may not engage in manipulation either to create appellate jurisdiction or prevent it."); *see also. Knox v. Serv. Employees Intern. Union, Local 1000*, 567 U.S. 298, 307 (2012) ("[M]aneuvers designed to insulate a decision from review . . . must be viewed with a critical eye."). The Court should not permit this gamesmanship to cause any more harm, and is indeed duty bound to stop it. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (recognizing Court's "duty to not allow manipulation of [its] jurisdiction"). The requested injunction pending appeal serves these important interests and should be entered immediately.

## CONCLUSION

The Court should give this motion expedited consideration and grant it. If doubts exist as to either jurisdiction for the motion or the motion's merits, the Court should receive supplemental briefing on matters of concern before issuing a ruling.


August 18, 2022

Clark Hill PLC
Matthew A. Goldstein
1001 Pennsylvania Avenue Northwest
Suite 1300 South
Washington, DC 20004
(202) 550-0040

Josh Blackman LLC
Josh Blackman
1301 San Jacinto Street
Houston, Texas 77002
(202) 294-9003

Respectfully submitted,

Beck Redden LLP
/s/ Chad Flores
Chad Flores
Owen J. McGovern
1221 McKinney Street
Suite 4500
Houston, Texas 77010
(713) 951-3700

Attorneys for Appellants
Defense Distributed and
Second Amendment Foundation, Inc.

## CERTIFICATE OF SERVICE

On August 18, 2022, an electronic copy of the foregoing brief was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and service will be accomplished by both the appellate CM/ECF system to all registered users for this case and by e-mails of the Court's electronic Notice of Docket Activity to the following:

Pillsbury Winthrop Shaw Pittman LLP
Alexander D. Hardiman — alexander.hardiman@pillsburylaw.com
Benjamin D. Tievsky — benjamin.tievsky@pillsburylaw.com
Kenneth W. Taber — kenneth.taber@pillsburylaw.com
Ronald Casey Low — casey.low@pillsburylaw.com
Shelbi Flood — shelbi.flood@pillsburylaw.com

Office of the New Jersey Attorney General
Angela Cai  — angela.cai@law.njoag.gov
Erin Hodge — erin.hodge@law.njoag.gov
Tim Sheehan — tim.sheehan@law.njoag.gov
Eric Jacob Boden — eric.boden@law.njoag.gov
Katherine Anne Gregory — katherine.gregory@law.njoag.gov
Melissa Lee Medoway — Melissa.medoway@law.njoag.gov
Renee Greenberg — renee.greenberg@law.njoag.gov


/s/ *Chad Flores*
Chad Flores

## CERTIFICATE OF COMPLIANCE

This filing complies with the type-volume limitation of Federal Rule of Appellate Procedure 27 because it contains 2,981 not-exempted words.

This filing complies with the typeface requirements Federal Rule of Appellate Procedure 32 and Fifth Circuit Rule 32 because it uses a 14 point proportionally spaced typeface of Microsoft Word 201a.

/s/ *Chad Flores*
Chad Flores